# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**LISA MURPHY**                                                                                           **PLAINTIFF**
**ADC #760343**

v.                             No: 3:20-cv-00148 KGB-PSH

**JENNY LONG,** *et al.*                                                                          **DEFENDANTS**

## INITIAL ORDER FOR *PRO SE* PRISONER PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

IT IS THEREFORE ORDERED THAT:

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Local Rule 5.5(c)(2) provides that:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings and state his/her address, zip code, and telephone number. If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

**Second: Pay the Filing Fee.** Every civil case filed by a prisoner – including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if he cannot afford to pay the entire fee in a lump sum, to apply for leave to proceed *in forma pauperis* ("IFP"). If you are granted IFP status, the filing fee is $350, which will be collected in installments from your prisoner account. Importantly, the entire filing fee will be collected, even if your lawsuit is dismissed.

Because you are a "three-striker" under the three-strikes provision of the Prison Litigation Reform Act ("PLRA"),¹ you must show that are in imminent danger of serious physical injury at the time you filed this complaint in order to proceed IFP.² Your complaint does not set forth sufficient allegations to meet the

---

¹ *See Murphy v. Faust et al.,* No. 1:14-cv-00127-JM (E.D. Ark.); *Murphy v. Culclager, et al.*, No. 1:15-cv-00027-BSM (E.D. Ark.); *Murphy v. Robinson, et al.*, No. 1:15-cv-00047-JM (E.D. Ark.); and *Murphy v. Fisk, et al.*, No. 1:15-cv-00050-BSM (E.D. Ark.).

² 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). The PLRA's three-strikes provision states that a prisoner cannot proceed *in forma pauperis* in a civil action if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, ***unless the prisoner is under imminent danger of serious physical injury.***

28 U.S.C. § 1915(g) (emphasis added). The U.S. Court of Appeals for the Eighth Circuit has explicitly upheld the constitutionality of the three-strikes provision. *See Higgins v. Carpenter*, 258 F.3d 797 (8th Cir. 2001). The Eighth Circuit has clarified that the imminent danger exception applies only when there is a genuine risk of an "ongoing serious physical injury." *Martin v. Shelton,* 319 F.3d 1048, 1050 (8th Cir. 2003).

imminent danger exception to the three-strikes rule. Accordingly, the Court will not rule on your motion to proceed IFP at this time.

**Third: Provide Addresses for Service.** All defendants must be served with the complaint and a summons within 90 days of the filing of a complaint. This includes "John/Jane Doe" defendants. Any defendant who is not served within 90 days can be dismissed, without prejudice, from the lawsuit. If you are proceeding IFP, the Court will order service of process on the defendants if it determines that service is appropriate after screening your complaint as required by 28 U.S.C. § 1915A and/or 28 U.S.C. § 1915(e). However, it is your responsibility to identify defendants, including "Doe" defendants, and to provide valid service addresses for defendants. You may send discovery requests, or use other means, to find valid service addresses for defendants.

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a jury trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly

to the defendant if he or she is not represented by a lawyer). No discovery should be sent to a defendant until after that defendant has been served with the complaint.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the court orders you to send documents or other evidence.

**Seventh: Provide a Witness List.** If your case is set for a hearing or trial, as your hearing or trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will make efforts to ensure the attendance of all appropriate witnesses.

IT IS FURTHER ORDERED THAT:

1. The Clerk is directed to send a copy of this Order to the Warden of the McPherson Unit, the ADC Trust Fund Centralization Bank Office, and the ADC Compliance Office.

2. The Court needs more information to determine if Murphy's claims meet the imminent-danger exception to the PLRA's three-strikes rule. Accordingly, Murphy must amend her complaint within thirty days from the date of this Order. Murphy claims that she has been denied medical care in retaliation for other lawsuits she has filed against the defendants. She also claims that although a CT scan of her lungs showed spots in 2017, she has been denied medical treatment for complaints

of shortness of breath, severe coughing, and chest pain since then. The Court notes that a grievance response attached to her complaint states that she received a follow-up chest CT in August 2017 that showed no masses. Doc. No. 2 at 27. Murphy must provide specific facts to support a claim that she is in imminent danger of serious physical injury. She must state when she requested medical care, the symptoms that caused her to seek medical attention, if and when requested medical care was denied, and by whom. Murphy must describe the involvement of each defendant and how they are contributing to an imminent risk of serious physical injury.

The Clerk of Court is directed to send a blank § 1983 complaint form to Murphy. Murphy is cautioned that an amended complaint renders her original complaint without legal effect; only claims properly set out in the amended complaint will be allowed to proceed. In the event she fails to file an amended complaint conforming to this order by that date, this case may be dismissed.

IT IS SO ORDERED this 4th day of June, 2020.

_____
UNITED STATES MAGISTRATE JUDGE